| STEWART, J.
In this tort action, plaintiffs Evelyn Jones and John Jones, III sued the defendants Allstate Insurance Company and *328 Meiko R. Williams for damages that arose out of a vehicular accident. The plaintiffs appeal a judgment finding Evelyn Jones to be 75% at fault for the accident. For the following reasons, we affirm.
FACTS
This lawsuit arises from a car accident that occurred on DeSiard Street in Monroe, Louisiana, on February 5, 1997. DeS-iard Street is a four-lane street running from east to west. The accident occurred as plaintiff Evelyn Jones attempted to leave the parking lot of Davis Automotive, a business on the north side of the street. The parking lot of the business is situated between DeSiard Street and the front door of the business. Mrs. Jones’ vehicle was in a parking space in front of the business’ door with the front of her vehicle facing the business and the rear of her vehicle facing DeSiard Street. The distance between DeSiard Street and the front of the business was sufficient to allow a vehicle leaving the parking spaces to back up far enough to see around other parked vehicles and down the oncoming lanes of DeS-iard.
Mrs. Jones backed out of her parking space and backed into the outside westbound lane of traffic on DeSiard Street. While backing out, Mrs. Jones saw Ms. Williams’ car approaching. Then, Mrs. Jones pulled back into the Davis Automotive parking lot in order to allow Ms. Williams to proceed. However, not all of Mrs. Jones’ car was out of DeSiard Street before Ms. Williams’ car reached Davis Automotive, and Ms. Williams’ car struck Mrs. Jones’ car. Ms. Williams testified that she could not swerve far enough to the left to avoid the crash because of the car next to her. The collision knocked the rear bumper completely off of Mrs. Jones’ 1994 Pontiac Bonneville. The police officer who responded to the accident did not write either driver a ticket due to “mutual fault.”
| pAfter the accident, Mrs. Jones began suffering from neck and back pain, missed about a week of work, and had to drive a rental car until her car could be repaired. The repair costs were $1,485.73. When Ms. Williams’ insurer, Allstate, refused to pay for any of the damages, the Jones’ filed suit against Ms. Williams and Allstate. After a bench trial, the court found both Ms. Williams and Mrs. Jones to be at fault. The court allocated 25% of the fault to Ms. Williams and 75% of the fault to Mrs. Jones, finding that
The primary cause of this accident was Jones’ failure to yield the right-of-way to Williams, who was lawfully traveling within her lane of travel. In failing to yield to the approaching traffic, Evelyn Jones negligently created the conditions which caused this accident to occur.
The court awarded Mrs. Jones $3,491.64 in special damages and $3,500 in general damages; the court awarded Mr. Jones $250 in special damages.
From this judgment, plaintiffs now appeal.
DISCUSSION
By assignment of error, appellants’ argue that the trial court erred in apportioning 75% of the fault to Mrs. Jones. Appellants argue that the circumstances of the accident justified the allocation of more fault to Ms. Williams.
In Towns v. Georgia Casualty & Surety Company, 459 So.2d 124 (La.App. 2d.Cir.1984), this court explained the appellate review of the allocation of fault:
In an ordinary tort action presenting cause in fact and reasonableness of conduct questions, the determination and apportionment of fault is a factual issue
[[Image here]]
Findings of respective percentages of fault under CC Art. 2323 are factual findings just as the finding of contributory negligence under the prior law was factual. Appellate courts will not disturb such findings unless, for well articulated reasons, those findings are found *329 to be clearly wrong, manifestly erroneous . . .
13Whether a fact-finder determines a party to be one percent at fault, totally at fault, or somewhere in between, the manifest error rule applies.
(Citations omitted.)
When a trial court’s allocation of fault is manifestly erroneous or clearly wrong, the reviewing court must lower (or raise) the allocation of fault to the highest (or lowest) point which is reasonably within the trial court’s discretion. Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607.
In Watson v. State Farm, 469 So.2d 967 (La.1985), the Louisiana Supreme Court explained the factors relevant to the initial determination of fault:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the damages claimed.
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff and considerations in determining the relative fault of the parties.
From a review of the trial court’s reasons for judgment, it is apparent that the trial court carefully considered the factors contributing to the accident in allocating the percentages of fault. Having heard the testimony of the witnesses, the trial court concluded that Mrs. Jones led Ms. Williams to believe that Mrs. Jones was pulling her vehicle out of the road and out of the right-of-way, and that Mrs. Jones had ample time to completely remove her vehicle from Ms. Williams’ lane of travel before the accident occurred. The record reflects that Mrs. Jones, as a frequent visitor to Davis Automotive, was familiar with the traffic conditions and visibility while entering and exiting the parking lot at that location. By allowing the rear of |4her car to extend into the outside lane of travel on DeSiard Street, Mrs. Jones failed to yield the right of way to oncoming traffic as required by La. R.S. 32:124, and arguably failed to stop with all of her vehicle off of the highway as required by La. R.S. 32:141. The risk in engaging in this conduct is apparent, and Mrs. Jones could easily have avoided this accident by pulling her car back into the business parking lot. We find no error in the allocation of 75% of the fault to Mrs. Jones.
CONCLUSION
For the reasons just discussed, we hereby affirm the decision of the trial court and assign all costs with the appellants.
AFFIRMED.